UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:12-CR-110 JD |
| | ) | Case No. 3:16-CV-495 JD |
| AURELIO A. GUERRA | ) | |

## OPINION AND ORDER

Defendant Aurelio Guerra was convicted on two counts arising out of his participation in a drug trafficking operation, and he received a sentence of 106 months of imprisonment (which has since been reduced to 97 months). The first count, which was Count 2 of the indictment, was for possessing marijuana with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). The second count, Count 5 of the indictment, was for possessing a firearm in furtherance of that drug trafficking crime, in violation of 18 U.S.C. § 924(c), or for aiding and abetting that offense, 18 U.S.C. § 2. Mr. Guerra pled guilty to both counts pursuant to a plea agreement. Judgment was entered on those convictions on June 21, 2013, and Mr. Guerra did not appeal.

Mr. Guerra has now filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. Mr. Guerra's motion presents three claims. First, he argues that his conviction for violating § 924(c) is invalid under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015); second, he argues that his attorney was ineffective for failing to move to suppress evidence seized through a search warrant; and third, he argues that his attorney was ineffective for failing to file a notice of appeal.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss

the motion . . . ." Here, it plainly appears that Mr. Guerra is not entitled to relief, so the Court dismisses the motion.[1]

First, Mr. Guerra's claims are all untimely. As relevant here, a motion under § 2255 must be filed with one year of the date a conviction becomes final, or of the date the Supreme Court newly recognizes a retroactive rule. 28 U.S.C. § 2255(f). Mr. Guerra's judgment was entered on June 21, 2013, and his conviction became final fourteen days later when he did not appeal. However, he did not mail his present motion until July 20, 2016, over three years later, so the filing is not timely as within one year of the conviction becoming final. Mr. Guerra argues instead that his motion is timely under § 2255(f)(3), which allows claims to be raised within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Mr. Guerra is presumably referring to the Supreme Court's decision in *Johnson*. However, that case was decided on June 26, 2015, so his claim under *Johnson* was almost a month late even under that prong. Moreover, "the timeliness of each claim asserted in . . . a section 2255 motion . . . must be considered independently," *Davis v. United States*, 817 F.3d 319, 318 (7th Cir. 2016), so even if Mr. Guerra's *Johnson* claim would be timely, his other two claims would not be.[2]

Second, even if Mr. Guerra's claims were timely, they are not meritorious. Mr. Guerra's first claim is that his § 924(c) conviction is invalid under *Johnson*. Section 924(c) prohibits the possession of a firearm in furtherance of either a "drug trafficking crime" or a "crime of

---

[1] After filing his § 2255 petition, Mr. Guerra filed two separate notices of appeal, so the Court stated that it would rule on Mr. Guerra's § 2255 petition upon the resolution of his appeals. Those appeals have now been resolved, so the Court proceeds with the § 2255 petition.
[2] Mr. Guerra also asked for and received a copy of the docket sheet in January 2014 [DE 255], so he knew by then that no notice of appeal had been filed and that his conviction was final.

violence." 18 U.S.C. § 924(c). In *Johnson*, the Supreme Court invalidated a portion of the definition of the term "violent felony" under the Armed Career Criminal Act, which is similar to the definition of the term "crime of violence" under § 924(c). However, Mr. Guerra's conviction was for possessing a firearm in furtherance of a "drug trafficking crime"—possessing marijuana with the intent to distribute it—not a "crime of violence," and *Johnson* had no effect on the definition of a drug trafficking crime. Therefore, *Johnson* does not apply to Mr. Guerra's conviction.

Mr. Guerra next argues that his attorney was ineffective for failing to file a motion to suppress evidence seized during the execution of a search warrant. "To prove that a lawyer provided ineffective assistance by failing or choosing not to file a motion to suppress evidence, the petitioner must show at a minimum that such a motion would have been successful." *Avila v. Richardson*, No. 15-1201, 2016 WL 6999025 (7th Cir. Nov. 30, 2016) (citing *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006), and *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005)). Mr. Guerra cannot make that showing here, as one of his co-defendants did move to suppress that evidence, but the Court denied that motion and the Seventh Circuit affirmed that decision, finding that the warrant was supported by probable cause. *United States v. Olivo*, 597 F. App'x 878 (7th Cir. 2015), *vacated on other grounds in Olivo v. United States*, 136 S. Ct. 1514 (2016).

Finally, Mr. Guerra argues that his attorney was ineffective by failing to file a notice of appeal. Mr. Guerra waived his right to appeal in his plea agreement, though, so counsel was not ineffective for declining to file a notice of appeal. *Nunez v. United States*, 546 F.3d 450, 456 (7th Cir. 2008); *see also Solano v. United States*, 812 F.3d 573, 575 (7th Cir. 2016) ("[T]he Sixth Amendment does not require an attorney to accede to a defendant's request to file an appeal

where the defendant has knowingly and voluntarily waived that right as part of a valid plea agreement.").

For each of those reasons, the Court finds that it plainly appears from the motion that Mr. Guerra is not entitled to relief. The Court therefore DISMISSES the motion. For those same reasons, the Court finds that the resolution of this motion is not debatable and that Mr. Guerra's claim is not sufficient to deserve encouragement to proceed further. The Court therefore DENIES the issuance of a certificate of appealability.

The Court advises Mr. Guerra that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. The Court further advises Mr. Guerra that Rule 4(a) of the Federal Rules of Appellate Procedure governs the time to appeal an order entered under the rules governing § 2255 proceedings. *See* Rule 11(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Under Rule 4(a), when the United States is a party in a civil case, any notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006) (stating that "the time to contest the erroneous denial of [the defendant's] first § 2255 motion was within 60 days of the decision"). If Mr. Guerra wishes to appeal this decision, he will need to file a new notice of appeal.

SO ORDERED.

ENTERED: December 2, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court